Tom C. Hitchcock Executive Secretary Kansas State Board of Pharmacy Landon State Office Bldg., Room 513 Topeka, Kansas 66612
Dear Mr. Hitchcock:
You request our opinion as to whether the board of pharmacy may combine its power to suspend and fine in order to enhance the collection of fines and costs assessed in issuing orders sanctioning licensees or registrants.
K.S.A. 65-1627 lists grounds for revocation, suspension, placement in probationary status or denial of license for a pharmacist, permit for retail dealer or registration for a pharmacy, manufacturer or distributor. Furthermore, K.S.A. 65-1627a in pertinent part provides:
 "The board shall have jurisdiction of the proceedings to revoke, suspend, place in a probationary status or deny a renewal of any license, registration or permit issued by the board under the provision of the pharmacy act of the state of Kansas."
If the order of the board is adverse to the licensee, permit holder or registrant, the costs shall be charged to the licensee, registrant or permit holder as in ordinary civil actions in the district court. K.S.A.65-1627h.
As you point out, the legislature passed a new section in 1994:
 "The state board of pharmacy, in addition to any other penalty prescribed under the pharmacy act of the state of Kansas, may assess a civil fine, after notice and an opportunity to be heard in accordance with the Kansas administrative procedure act, against any licensee or registrant under subsection (a), (c) and (d) of K.S.A. 65-1627 and amendments thereto for violation of the pharmacy act of the state of Kansas or rules and regulations of the state board of pharmacy adopted under the pharmacy act of the state of Kansas or for violation of the uniform controlled substances act or rules and regulations of the state board of pharmacy adopted under the uniform controlled substances act, in an amount not to exceed $500 for each violation. All fines assessed and collected under this section shall be remitted to the state treasurer. Upon receipt thereof, the state treasurer shall deposit the entire amount in the state treasury and credit such amount to the state general fund." (L. 1994, ch. 118, New sec. 1.)
The board may issue an order placing a licensee on suspension for a certain period, and assessing fines and costs. The question is whether the board may make reinstatement conditional upon payment of fines and costs. An example of such a sanctioning order that you provide is:
 "The licensee shall be placed on suspension for six month (or other fixed period) commencing 30 days from the date of the Final Order. The licensee shall also be fined $500.00 . . . and/or assessed costs herein. Upon payment of the fine and/or costs, the suspension shall be terminated and the licensee's license reinstated."
K.S.A. 65-1627f in part provides:
 "If a license, registration or permit is suspended or placed on probation, the suspension or probation shall be for a definite period of time to be fixed by the board, and the license, registration or permit shall be reinstated and any limitations or conditions thereon removed upon the expiration of such period if all annual renewal fees have been paid."
If reinstatement is contingent upon payment of the fines and/or costs, a licensee, registrant, or permit holder may not be reinstated until full payment is made, even after the expiration of the suspension period. Further, if payment of the fine is accomplished before expiration of the period of suspension, the suspension would be lifted before the period of time is completed. These results are contrary to the above statute, which states that limitations or conditions are to be removed at the expiration of the period and only after expiration of that period, the only condition being payment of annual renewal fees.
In conclusion, K.S.A. 65-1627f does not allow the board of pharmacy to make the reinstatement of a licensee's, registrant's or permit holder's status contingent upon payment of fines and/or costs. If all annual renewal fees are paid, the board must reinstate the license, registration or permit after expiration of the suspension or probation period, irrespective of whether the fines and/or costs are paid. Nor may the board lift a suspension prior to passage of the prescribed set period of time.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas